IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER BLACKWELL,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:11-cv-00445

JIM RUBENSTEIN, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Commissioner Jim Rubenstein's and Warden David Ballard's motion to dismiss [Docket 22]. For the reasons set for below, this motion is **GRANTED**.[1]

*I. BACKGROUND*

This action arises out of Plaintiff's allegations under 42 U.S.C. § 1983 that Defendants Sergeant Brian Smith, Corporal Sydney Sullivan, Officer George Ballard, Officer Chad Vanmeter, Officer Cameron Ayers, and Officer Paul Clay used unreasonable force against him while he was incarcerated Mount Olive Correctional Complex (MOCC) in Mount Olive, West Virginia.[2] Plaintiff also claims that Defendants Commissioner Rubenstein and Warden Ballard are liable as supervisors of the other Defendants.

---

[1] Plaintiff Christopher Blackwell and Defendants Clay, Smith, and Sullivan filed a joint motion to lift the stay of the proceedings. For good cause shown, the Court **GRANTS** the motion [Docket 56]. Accordingly, the Court **LIFTS** the stay in this case and **DIRECTS** the Clerk's Office to return this case to the active docket.

[2] Defendant Margaret Clifford was dismissed by stipulation on October 19, 2011. (Docket 50.)

Plaintiff filed his complaint in this Court on June 24, 2011, asserting two claims: Count 1 "use of force" and Count 2 "supervisory liability." The motion to dismiss was filed on August 15, 2011 for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed his response on August 29, 2011, (Docket 29), to which Defendants Commissioner Rubenstein and Warden Ballard replied on September 15, 2011, (Docket 36).

## II. LEGAL STANDARD

Defendants' motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

First, in testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Second, the Court must determine if the complaint states a plausible claim for relief to survive a motion to dismiss. A well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

### III. DISCUSSION

First, Plaintiff concedes in his response that he does not meet the requirements of *Iqbal*. (Docket 29 at 1.) He states that "he does not have the specific facts to 'plausibly' prove the elements of [the] claims." However, he requests that the Court defer ruling on the motion to dismiss and allow "limited discovery . . . to establish the plausibility of his allegations." (*Id.*) To grant Plaintiff's request would be antithetical to the holding of *Iqbal*. Further, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). As Defendants Commissioner Rubenstein and Warden Ballard state in their reply, "[a]dopting the Plaintiff's request for discovery, even if limited, would require this Court to disregard binding authority that governs this issue." (Docket 36 at 3.) The Court agrees; Plaintiff's concession that the complaint does not meet the *Iqbal* standard supports granting the motion to dismiss.

However, the Court does not rely solely upon Plaintiff's concession in evaluating the motion to dismiss. Three elements are required by the Fourth Circuit to establish supervisory liability under 42 U.S.C. § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an

3

"affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Defendants Commissioner Rubenstein and Warden Ballard argue that the claim against them should be dismissed because Plaintiff's complaint does not meet the elements of *Shaw*. They contend that Plaintiff does not meet the first element because the complaint does not contain "a single factual description . . . of any alleged prior instance of force that could be considered part of a 'pervasive and widespread pattern' of constitutional abuses." (Docket 23 at 12.) The Court agrees. The only incident described in the complaint concerns the events of June 28-29, 2009. Further, Plaintiff does not allege any facts stating that Defendants Commissioner Rubenstein and Warden Ballard had knowledge of a risk of a harm, to which Plaintiff again agrees. (Docket 29 at 4.)

The same lack of factual allegation is also present as to the second and third *Shaw* elements. Plaintiff again solely relies on conclusory statements. Legal conclusions can provide the framework of a complaint only if they are supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950. Plaintiff asserts only that "Defendants failed to properly investigate, train, supervise and discipline . . . correctional officers at MOCC to prevent injuries such as those sustained by Plaintiff." (Docket 10 at 14.) Plaintiff provides no factual basis regarding deliberate indifference or how Defendants' actions are related to Plaintiff's injuries. Plaintiff has failed to present sufficient factual allegations to survive a motion to dismiss on this claim. Accordingly, the motion to dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants Commissioner Jim Rubenstein's and Warden David Ballard's motion to dismiss [Docket 22] is **GRANTED**. Therefore, Plaintiff's claim against Defendants Commissioner Jim Rubenstein and Warden David Ballard is **DISMISSED** without prejudice, and this action will proceed on the remaining claim against Defendants Sergeant Smith, Corporal Sullivan, Officer Ballard, Officer Vanmeter, Officer Ayers, and Officer Clay.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 21, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE